UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THOMAS J. BONASERA,**
**Administrator of the Estate of**
**Alaina Nicole Steele, Deceased,**

        Plaintiff,              Civil Action 2:19-cv-3817

    v.                       Judge Edmund A. Sargus, Jr.
                           Magistrate Judge Chelsey M. Vascura

**PENNSYLVANIA NATIONAL**
**MUTUAL CASUALTY INSURANCE**
**COMPANY d/b/a PENN NATIONAL**
**INSURANCE,** *et al.***,**

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant New River Electrical Corporation's Motion for Leave to Plead and Assert Cross-Claims (ECF No. 80). Plaintiff, Thomas J. Bonasera, filed this action on August 6, 2019, and filed a Second Amended Complaint on May 1, 2020 (ECF No. 32). The Court granted an extension of the case schedule on February 26, 2020, extending the deadline for amendments to the pleadings to April 24, 2020 (ECF Nos. 24–25). On September 2, 2020, Defendant New River Electrical Corporation ("New River") filed an Answer to Plaintiff's Second Amended Complaint (ECF No. 66). On November 13, 2020, all parties except New River participated in a private mediation, at which Plaintiff reached a settlement with another Defendant in this case, W.D. Wright Contracting, Inc. ("W.D. Wright") (Kasson Dec. ¶ 4, ECF No. 85-1). On December 18, 2020, more than six months after the pleading

amendments deadline expired, New River filed the present Motion for Leave to Plead and Assert Cross-Claims (ECF No. 80).  For the following reasons, New River's Motion is **DENIED**.[1]

## I. STANDARD OF REVIEW

A district court must issue a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause.  See Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension.") (quotation omitted)).  "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

## II. ANALYSIS

New River has failed to demonstrate good cause to modify the case schedule.  As an initial matter, New River cited the standard for amendments of pleadings under Federal Rule of

---

[1] W.D. Wright also moved for leave to file a surreply brief in response to a request for sanctions that New River included in its Reply in support of the present Motion for Leave to Assert Crossclaims. (ECF No. 92.)  New River opposed W.D. Wright's motion for leave to file a surreply, and W.D. Wright filed a reply. (ECF Nos. 94, 96.)  The undersigned finds Plaintiffs' cursory arguments in support of sanctions against W.D. Wright are meritless, and, in any case, should have been filed as a separate motion instead of included in New River's reply brief. W.D. Wright's motion for leave to file a surreply is **GRANTED**, and the undersigned has considered the parties' surreply arguments in deciding the present motion and New River's request for sanctions.

Civil Procedure 15(a)(2), which states the Court "should freely give leave when justice so requires."  (Mot. ¶ 6, ECF No. 80.)  However, this Rule 15 standard is of secondary importance where, as here, the Court entered a scheduling order under Federal Rule of Civil Procedure 16, and the deadline to amend the pleadings has passed.  *Leary*, 349 F.3d at 909 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).").

Under the more stringent "good cause" standard of Rule 16, New River must demonstrate that it acted diligently in attempting to comply with the April 24, 2020 deadline to amend the pleadings, and that such a deadline could not have reasonably been met despite its diligence.  New River argues it could not have asserted its proposed crossclaims against W.D Wright earlier because the deposition testimony and expert witness report on which they are based were available only on October 16, 2020, and December 11, 2020, respectively.  This argument lacks merit.

New River seeks to assert crossclaims against W.D Wright for breach of contract, breach of the duty of good faith and fair dealing, contribution, and indemnification.  (Proposed Crosscl. ¶ 1, ECF No. 80-1.)  The proposed crossclaims arise out of W.D. Wright's alleged breach of its traffic control and traffic safety service contract with New River, thereby allegedly causing and contributing to the August 11, 2017 car accident fatality of Alaina Nicole Steele, the decedent for whom Plaintiff Bonasera is estate administrator.  (*Id.*, ¶ 1.)  New River states that a former employee of W.D. Wright testified at deposition to W.D Wright's sole responsibility for the safety of the decedent, contradicting Plaintiff's allegations against New River.  (Mot. ¶¶ 2–3, ECF No. 80.)  New River also relies on W.D. Wright's December 11, 2020 expert report, which

concluded the decedent was: (1) not a Traffic Control Consultant; (2) not trained or certified in the Manual on Uniform Traffic Control Devices (MUTCD) or Ohio Manual of Uniform Traffic Control Devices (OMUTCD); (3) not supervised by a MUTCD or OMUTCD certified and trained person; and (4) not certified or trained by New River or the American Traffic Safety Services Association (ATSSA).  (*Id.* ¶ 4.)  New River states that the opinions in the expert report demonstrate a breach of the service contract between New River and W.D. Wright.  (*Id.*)  In its Motion for Leave, New River also contends that the case is in an early phase of discovery, with depositions not yet complete.  (Mot. ¶ 1, ECF No. 80.)  New River does not clearly state that it was unable to assert the proposed crossclaims before the deposition or production of the expert report.

      The deposition testimony and expert report on which New River relies do not justify its delay in seeking to amend its pleading.  New River already had a factual basis for asserting crossclaims against W.D Wright by both September 2, 2020, when New River filed its Answer to the Second Amended Complaint, and even as far back as April 24, 2020, the deadline for amending pleadings.  The original Complaint, filed on August 6, 2019, states that the Occupational Safety and Health Administration ("OSHA") investigated the decedent's death and issued a Citation and Notification of Penalty letter to Wright Brothers, Inc., which included a finding of "a failure to follow the Ohio Manual of Uniform Traffic Control Devices ['OMUTCD']," among others.  (Compl. ¶¶ 98–105, ECF No. 3.)  The OSHA citation is also referenced in the First Amended Complaint, filed on December 1, 2019 (¶¶ 111–18, ECF No. 8), and the Second Amended Complaint, filed on May 1, 2020 (¶¶ 111–118, ECF No. 37).  New River contends in its proposed Cross-Claim Complaint that W.D. Wright's failure to follow the OMUTCD was a breach of the service contract between New River and W.D. Wright.  (*See*

4

Proposed Crosscl. ¶ 13, ECF No. 80-1.)  Thus, the OSHA citation provided a sufficient factual basis for crossclaims arising out of the service contract as far back as August 6, 2019.  The deposition taken on October 16, 2020, and the expert witness report of December 11, 2020, are merely corroborating evidence for New River's proposed crossclaims.

Moreover, an additional basis for New River's proposed crossclaims is that the decedent's certification as a flagger is no substitute for W.D. Wright's obligation under the service contract to provide New River with certified traffic control technicians ("TCTs").  (*See* Proposed Crosscl. ¶ 22, ECF No. 80-1.)  Yet the decedent's niece and co-worker testified at her July 21, 2020 deposition that the decedent was certified only as a flagger for W.D. Wright.  (Samantha Steele Dep. 85:13-25, 117:18–21, ECF No. 57-1.)  Thus, New River was on notice as of July 21, 2020, that W.D. Wright may have breached its contractual obligation to provide TCTs.  (*See* Proposed Crosscl. ¶ 13, ECF No. 80-1.)  Although the deposition took place after the deadline to amend the pleadings, it still took place prior to New River filing its Answer to the Second Amended Complaint, when it could have, but did not, assert crossclaims against W.D. Wright.  Thus, neither the deposition testimony nor the expert report provides New River with good cause for failing to assert its crossclaims prior to the amendment deadline.

Further, allowing New River to assert its crossclaims at this stage in the litigation may prejudice W.D. Wright.  The December 10, 2020 expert disclosure deadline has passed, and discovery closes March 30, 2021.  Further, W.D. Wright was involved in a private mediation with the Plaintiff on November 13, 2020, in which New River declined to participate.  (Kasson Dec. ¶ 3, ECF No. 85-1.)  W.D Wright reached a settlement with Plaintiff at this mediation and settled fully out of the case.  (*Id.* ¶ 3.)  New River's crossclaims would bring W.D. Wright back into litigation it had believed to be settled.  (Mem. in Opp'n 13, ECF No. 85.)  New River states

5

that due to the early stages of the litigation, there would be no prejudice whatsoever to W.D. Wright by granting this motion. (Mot. ¶ 5, ECF No. 80.) However, prejudice to the nonmoving party must be considered together with diligence by the moving party. *Leary*, 349 F.3d. at 908. The Court finds that New River's failure to demonstrate diligence, in combination with the prejudice W.D. Wright will suffer by being brought back into a case it believed to be settled, is sufficient to deny New River's Motion to assert new crossclaims at this juncture.

### III.  CONCLUSION

For the foregoing reasons, New River has failed to demonstrate that good cause exists to modify the April 24, 2020 deadline to amend the pleadings. New River's Motion for Leave to Plead and Assert Cross-Claims (ECF No. 80) is therefore **DENIED**. W.D. Wright's Motion for Leave to File a Surreply (ECF No. 92) is **GRANTED**. The Clerk is **DIRECTED** to file W.D. Wright's Combined Memorandum in Opposition to New River's Motion for Sanctions and Sur-Reply in Opposition to New River's Motion for Leave to Plead and Assert Cross-Claims, attached to its Motion as Exhibit A (ECF No. 92-1), on the docket.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE